1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SALVADOR MUNGUIA, | ) | Case No. CV 12-829 SVW (JEM) |
| Petitioner, | ) | *AMENDED* |
| v. | ) | ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF |
| R.E BARNES, Warden | ) | UNITED STATES MAGISTRATE JUDGE |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, the records and files herein, and the Report and Recommendation of the United States Magistrate Judge ("R&R").

There are no objections to the R&R. The R&R was issued on July 17, 2013, and petitioner was notified that any objections were due by August 7, 2013. On August 2, 2013, petitioner requested an additional thirty days to file objections. His request was granted and petitioner was given until September 7, 2013 to file objections. On September 3, 2013, petitioner filed a second request for an extension of time, asking for a further thirty days to file objections. This request was granted in part, and petitioner was told that any objections were now due no later than September 21, 2013. Petitioner did not file any objections by that date,

and has not sought leave since then to file late objections.

Having conducted a *de novo* review of the claims raised in the habeas corpus petition, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

With respect to petitioner's challenge to the sufficiency of the evidence on his attempted murder conviction, the Court observes that this case is unlike *Juan H. v. Allen*, 408 F.3d 1262 (9th Cir. 2005). In *Juan H.*, the record contained "manifestly insufficient evidence to support the necessary conclusions that [the defendant] *knew* that [his brother] planned to commit the first-degree murders of [the two victims]." *Id.* at 1277 (emphasis added). The conviction in *Juan H.* did not rest on "a theory that the petitioner aided and abetted minor crimes, such as simple assault and battery for example, which, in turn, naturally and probably led to murder." *Mendoza v. Runnels*, 251 Fed. App'x 406, 409 (9th Cir. 2007) (unpublished). "Here, the target crimes included assault and battery. Consequently, the state was required only to prove that [petitioner] aided and abetted the assaults, which, in turn, naturally and probably led to murder." *Id.*; *People v. Prettyman*, 14 Cal. 4th 248, 262 (1996) (explaining California's "natural and probable consequences" doctrine).

For the foregoing reasons, the petition for habeas corpus is hereby DENIED.

IT IS SO ORDERED.

Dated: December 17, 2013

STEPHEN V. WILSON
United States District Judge